UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Hon. Joseph H. Rodriguez |
| : | |
| : | CRIM NO. 14-173 |
| : | |
| v. : | OPINION |
| : | |
| **JEROME JOHNSON** : | |
| : | |
| : | |

This matter comes before the Court on motion by *pro se* Defendant Jerome Johnson ("Defendant") to Amend/Supplement Compassionate Release Motion under 18 U.S.C. §3582(c)(l)(A)(i)(d) due to the recent Supreme Court Decision *Concepcion v. United States* 142 S.CT. 52,210 L. Ed 2d 1024 (2022) [ECF No. 101]. The Court has considered Defendant's submission and the opposition motion filed by the Government and the applicability of *United States v. Davis*, 139 S. Ct. 2319 (2019).

On April 2, 2014, a federal grand jury sitting in Camden, New Jersey returned an Indictment against Petitioner, charging him with: (1) conspiracy to commit murder-for-hire, 18 U.S.C. § 1958 (Count One); (2) conspiracy to possess and use a firearm during a crime of violence, 18 U.S.C. § 924(o) (Count Two); (3) murder-for-hire, 18 U.S.C. § 1958 (Count Three); (4) possession and use of a firearm during a crime of violence, 18 U.S.C. §924(c) (Count Four); (5) knowing transport of a firearm for use during the commission of a felony, 18 U.S.C. § 924(b) (Count Five); (6) knowing transfer of a firearm for use in a crime of violence, 18 U.S.C. § 924(h) (Count Six); and (7) felon in possession of a firearm, 18 U.S.C. § 922 (Count Seven). (*See United States of America v. Johnson*, Crim.

1

No. 14-173, ECF No. 1.) On July 31, 2014, Petitioner pled guilty to Counts One, Four and Six. (*See id.*, ECF No. 26.)

On October 24, 2017, the Court sentenced Petitioner to imprisonment for a term of 60 months on each of Counts One and Six to be served concurrently, and a term of 108 months on Count Four to be served consecutively to the terms imposed on Counts One and Six, for a total term of 168 months imprisonment. (*Id.*, ECF No. 81.) Petitioner did not file a direct appeal.

On September 9, 2022, Petitioner filed a civil action seeking relief identical the to the instant motion pursuant to 28 U.S.C. § 2241.[1] (*Johnson v. Knight*, Civ. No. 22-5497, ECF No. 1.) In that action, as here, Johnson challenges his conviction, raising one ground for relief, arguing that his convictions for violating §§ 924 (c) and (h) are unlawful pursuant to *United States v. Davis*, 588 U.S. 445, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). (Id. at 6.).  Pursuant to the First Step Act, Johnson seeks the same relief here. 18 U.S.C. § 3582(c)(1)(A).

Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). Likewise, Johnson's arguments argument under § 3582 are also procedurally improper. *See United States v. Andrews*,

---

[1] The Court dismissed that action for lack of jurisdiction but noted that Mr. Johnson could purse the claims pursuant to 28 U.S.C. § 2255.  Mr. Johnson did not file an action as to these claims under § 2255 but did file two separate matters in this Court pursuant to 28 U.S.C. § 2241: civil action numbers 21-19193 and 22-5497.

12 F.4th 255, 260-62 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022) (Holding that "the statutorily required sentence or Congress's nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)."). "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" because "there is nothing extraordinary about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Andrews*, 12 F.4th at 260-61.

The relief Johnson seeks is not available under 18 U.S.C. § 3582(c)(1)(A). Thus, this Court lacks jurisdiction to consider Petitioner's Davis claim as filed. Rather, the proper procedural vehicle for a *Davis* claim is a motion under § 2255. *See United States v. Reece*, 938 F.3d 63, 635 (5th Cir. 2019), as revised (Sept. 30, 2019) *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019) (not precedential) (per curiam) (§ 3582(c)(1)(A) "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity").

This Court may recharacterize the motion as one brought under § 2255, so long as Mr. Johnson provides his consent. In addition, before the "court recharacterizes a pro se litigant's motion as a first § 2255 motion," the court "must notify the pro se litigant that it intends to recharacterize the pleading," as well as "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792, 157 L. Ed. 2d 778 (2003). Before recharacterizing, district courts must also take certain "prophylactic

3

measures[.]"; *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999); *see also In re Wagner*, 421 F.3d 275, 278 (3d Cir. 2005).

Mr. Johnson was notified on October 12, 2022, by way of this Court's Opinion and Order denying his § 2241 motion for the identical relief he seeks in the present motion, that he could pursue relief by filing a § 2255 petition. *See* Johnson *v. Knight*, 22-CV- 5497, ECF Nos. 2,3.  This Court, making no determinations as to timeliness or procedural exhaustion stated:

> Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It does not appear that Petitioner has ever filed a §2255 motion and nothing in this Opinion prevents him from doing so. This Court finds it is not in the interest of justice to transfer this action to the sentencing Court. Petitioner may file a §2255 motion should he elect to do so.

To date, Mr. Johnson has filed numerous civil and criminal motions, but has not challenged his sentence pursuant to 28 U.S.C. § 2255.  On this record and in this posture, Mr. Johnson is not entitled to relief under 18 U.S.C. § 3582 and the Court will not recharacterize his motion.  Mr. Johnson's motion is denied.

An appropriate Order shall issue.

Dated: August 1, 2024

Hon. Joseph H. Rodriguez, USDJ